UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, DAYTON

| JERRY E. CARTER, | : | CASE NO. 3:20-cv-484 |
|---|---|---|
| Plaintiff, | : | Judge Michael J. Newman |
| v. | : | DEFENDANT CITY OF TROY, OHIO'S ANSWER TO PLAINTIFF'S COMPLAINT |
| CITY OF TROY, OHIO, | : | |
| Defendant. | : | JURY DEMAND ENDORSED HEREON |

Now come Defendant City of Troy, Ohio ("Defendant"), and for its Answer to Plaintiff's Complaint states as follows:

**PARTIES**

1. Answering Paragraph 1, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore denies the same.

2. Answering Paragraph 2, Defendant admits that City of Troy, Ohio is a political subdivision located in Miami County, Ohio.

**JURISDICTION AND VENUE**

3. Answering Paragraphs 3 and 5, Defendant denies any violation of any laws under the laws of the United States and thus specifically denies that this Court has jurisdiction over all of Plaintiff's federal claims.

4. Answering Paragraph 6, Defendant specifically denies liability for the claims stated in this case; thus, Defendant denies this Court has supplemental jurisdiction over any state law claims as well.

1

5. Answering Paragraphs 4 and 7, Defendant admits that the City of Troy is located in Miami County, Ohio, and that Plaintiff is employed by Defendant; However, Defendant denies liability for the claims stated in this case, and thus, denies that venue is proper in this Court.

6. Answering Paragraphs 8, 9, 10, 11, and 12, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore denies the same.

## FACTUAL ALLEGATIONS

7. Answering Paragraph 13, Defendant denies the allegations as written.

8. Answering Paragraph 14, Defendant admits that Plaintiff applied for a promotion as Light Equipment Operator (LEO) in the Street Department in 2019, and that Street Foreman Jerry Mullins and Human Resources Representative Julie Morrison conducted Plaintiff's interview. However, Defendant states that it is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations therein.

9. Answering Paragraph 15, Defendant specifically denies the allegations contained therein.

10. Answering Paragraph 16, Defendant admits that Branden Walters was hired for the Street Department LEO position in March 2019.

11. Answering Paragraph 17, Defendant specifically denies that Branden Walters had less experience for the LEO position than Plaintiff. Defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same.

12. Answering Paragraph 18, Defendant admits that Plaintiff was not hired for the LEO position. Defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same.

13. Answering Paragraph 19, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore denies the same.

14. Answering Paragraph 20, Defendant specifically denies the allegations contains therein.

15. Answering Paragraph 21, 22, 23, and 24 Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore denies the same.

16. Answering Paragraphs 25 and 30, Defendant admits that Plaintiff applied for a lateral reassignment as a Laborer in the Street Department in 2014, but that Plaintiff withdrew his application before a decision was made.

17. Answering Paragraph 26, 27, 28, and 29, Defendant denies the allegations as written.

18. Answering Paragraph 31, 32, and 33, Defendant specifically denies the allegations therein.

19. Answering Paragraph 34, Defendant denies the allegations as written.

20. Answering Paragraphs 35 and 36, Defendant specifically denies the allegations therein.

21. Answering Paragraph 37, Defendant admits that Plaintiff received lower performance evaluation scores in several categories from 2018 to 2019; However, Defendant specifically denies Plaintiff's allegation that he was not provided with specific explanations for those score reductions.

22. Answering Paragraph 38, Defendant denies the allegations as written.

23. Answering Paragraph 39, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore denies the same.

24. Answering Paragraphs 40, 41, and 42, Defendant denies the allegations as written.

25. Answering Paragraph 43, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore denies the same.

26. Answering Paragraph 44 and 45, Defendant denies the allegations as written.

27. Answering Paragraph 46, Defendant denies the allegations as written.

28. Answering Paragraph 47, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore denies the same.

29. Answering Paragraph 48, Defendant denies the allegations as written.

30. Answering Paragraph 49, Defendant specifically denies the allegations contained therein.

## COUNT I: ALLEGED AGE DISCRIMINATION -- ADEA

31. In answering Paragraph 50, Defendant incorporates the foregoing admissions and denials by reference herein.

32. Answering Paragraphs 51 and 52, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore denies the same.

33. Answering Paragraph 53, Defendant specifically denies the allegations contained therein.

34. Answering Paragraph 54, Defendant denies the allegations as written.

35. Answering Paragraph 55, Defendant specifically denies the allegations contained therein.

## COUNT II: ALLEGED RETALIATION -- ADEA

36. In answering Paragraph 56, Defendant incorporates the foregoing admissions and denials by reference herein.

37. Answering Paragraph 57, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore denies the same.

38. Answering Paragraph 58, 59, and 60, Defendant specifically denies the allegations contained therein.

## COUNT III: ALLEGED RETALIATION – O.R.C. CHAPTER 4112

39. In answering Paragraph 61, Defendant incorporates the foregoing admissions and denials by reference herein.

40. Answering Paragraph 62, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore denies the same.

41. Answering Paragraph 63, 64, and 65, Defendant specifically denies the allegations contained therein.

42. Defendant denies any and all allegations not otherwise specifically admitted or denied herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims may be barred by the doctrines of estoppel, issue preclusion, claim preclusion, res judicata, laches, waiver and/or the statute of limitations.

3. Plaintiff has failed to mitigate damages, if any, that he may have suffered.

4. Any injury or damages that Plaintiff may have suffered was proximately caused by the sole actions of Plaintiff.

5. At all times Defendant acted reasonably, lawfully and in good faith, and Defendant had reasonable grounds for believing that their conduct did not violate any federal or state statutory provisions.

6. At all times Defendant acted in accordance with all Ohio and federal statutory provisions and state and local laws relative thereto.

7. If, in fact, Defendant performed any wrongful acts, which are specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

8. Defendant states that Plaintiff suffered no compensable damage as a result of any alleged actions of Defendant, which are specifically denied.

9. Defendant states that it had a legitimate business justification and non-discriminatory and non-retaliatory reason for any and all actions taken by them.

10. Plaintiff's damages, if any, may be subject to set off.

11. Any damages awarded in this case are subject to reduction pursuant to O.R.C. § 2744.05, § 2315.18, § 2315.21.

12. Plaintiff's claim for punitive damages is in violation of the Ohio and United States Constitution and the common law.

13. Defendant's actions were taken based upon an honest belief of particular facts and reasonably relied on the particularized facts that were before it at the time the decision was made.

14. All actions taken by Defendant were in compliance with all laws, were privileged, and absolutely privileged. If, in fact, Defendant performed any wrongful acts, which are specifically denied, any alleged act or omission by it was done in good faith, and Defendant had reasonable grounds for believing that their conduct did not violate any federal or state statutory provisions.

15. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the independent actions of Plaintiff or other third parties over whom Defendant has no control.

16. All actions taken by Defendant were based upon a *bona fide* occupational qualification.

17. Defendant states that its actions were based upon reasonable factors other than age.

18. Defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims, and third party claims that become available or apparent during the course of discovery or trial, and he hereby reserve the right to amend their Answer to assert such defenses.

**WHEREFORE**, Defendant requests that this Honorable Court dismiss Plaintiff's Complaint with an Order that Defendant's attorney fees and costs be paid as provided under applicable law.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*_____
Edward J. Dowd (0018681)
Dawn M. Frick (0069068)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
edowd@sdtlawyers.com
dfrick@sdtlawyers.com
*Trial Attorneys for City of Troy, Ohio*

## JURY DEMAND

Defendant hereby demands a trial by jury on those claims to which it is entitled.

*/s/ Dawn M. Frick*_____
Dawn M. Frick (0069068)

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record.

*/s/ Dawn M. Frick*_____
Dawn M. Frick (0069068)