UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JERRY CARTER,

    Plaintiff,

vs.

CITY OF TROY,

    Defendant.

Case No. 3:20-cv-484

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) *SUA SPONTE* GRANTING DEFENDANT LEAVE TO FILE A SUR-REPLY BRIEF; (2) DENYING DEFENDANT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO STRIKE (DOC. NOS. 14, 18); AND (3) GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**

---

    This case is before the Court on Defendant's motion for judgment on the pleadings. Doc. No. 14. In his opposition memorandum, Plaintiff requests leave to file an amended complaint. Doc. No. 17. He also attached an affidavit in support of his opposition. Doc. No. 17-1. Defendant moved separately to strike Plaintiff's affidavit and to state its opposition to Plaintiff's motion for leave. Doc. No. 18. Plaintiff filed an opposition memorandum in response to Defendant's motion to strike and offered what the Court will construe as a reply in support of his motion for leave. Doc. No. 22. Defendant thereafter filed a reply brief in support of its motion to strike and a sur-reply in opposition to Plaintiff's motion for leave.[1] Doc. No. 23. The three motions are now ripe for review.

---

[1] For good cause shown, the Court *sua sponte* **GRANTS** Defendant leave to file a sur-reply in opposition to Plaintiff's motion for leave to file an amended complaint. S.D. Ohio Civ. R. 7.2(a)(2).

## I.

Rule 12(c), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quotation omitted). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 582–83 (quotation omitted).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential [non-conclusory] allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**II.**

Having carefully and thoroughly considered the pleadings and briefing in support of and in opposition to Defendant's Rule 12(c) motion, along with the procedural posture of this case, the Court believes the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of the litigation. Proceeding in this manner will ensure the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *See, e.g.*, *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004). To that end, Plaintiff's motion for leave to file an amended complaint should be granted. Fed. R. Civ. P. 15(a)(2).

**III.**

Accordingly, Defendant's motions for judgment on the pleadings and to strike are both **DENIED**. Plaintiff is **GRANTED** leave to file an amended complaint and shall do so within 14 days from the date of this Order. The Court anticipates reviewing Defendant's arguments on summary judgment after the completion of discovery.

**IT IS SO ORDERED.**

Date: August 26, 2021            s/Michael J. Newman
                                                              Hon. Michael J. Newman
                                                              United States District Judge